PRICE, CONVERSE & SMITH *v.* MERRITT, RISLEY & CO.

The process of attachment is a harsh remedy, and parties resorting to it are held to a strict compliance with the provisions of the law authorizing it.

Merchants whose acceptances are unmatured, and unpaid, and outstanding in the hands of third parties, are not creditors within the meaning of the term which authorizes a proceeding by attachment, nor will the insolvency of the party for whom they have accepted make them such.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Singleton & Clack,* for plaintiffs and appellants. *W. H. Hunt,* for defendants.

LAND, J. On the 8th of September, 1857, the plaintiffs commenced this suit by attachment, for the sum of twenty-five thousand nine hundred dollars and four cents, by making affidavit, giving bond, and causing writs of attachment to issue thereon.

On the following day, the 9th of September, they filed their petition.

In the affidavit the plaintiffs affirm that the defendants, who are non-residents, are indebted to them in the sum of twenty-five thousand nine hundred and eight dollars and four cents; that said debt is not yet due, but that said defendants are about to remove their property out of the State of Louisiana before said debt becomes due.

In their petition they allege that the defendants are indebted to them in the sum of twenty-six thousand nine hundred and sixty-seven dollars and fifty cents. That they advanced by acceptancies to said defendants the sum of twenty-three thousand nine hundred and sixty-seven dollars and fifty cents, including commissions not yet due, but for which they are liable as acceptors. That the defendants were further indebted to them, in the sum of two thousand six hundred and fifty two dollars and thirteen cents, for cash advances. And that defendants had failed and become utterly insolvent.

The Sheriff seized, under the writ of attachment, 2047 barrels of flour.

A curator *ad hoc* was appointed to represent the defendants, and he filed a motion to dissolve the writ of attachment on the following grounds:

*First*—That the plaintiffs were not the creditors of the defendants at the date of the attachment.

*Secondly*—That the property herein seized to wit, —— barrels of flour, was not liable to attachment, at the suit of said plaintiffs, having been shipped under express instructions to plaintiffs, to forward the same to a firm in Boston, which instructions were expressly accepted by said plaintiffs, at the time of said consignment, and prior to the issuing of said attachment.

*Thirdly*—That said defendants are not the owners of the property attached, and hence that said attachment ought not to stand. And,

*Fourthly*—That said defendants are not insolvent as alleged, and that said plaintiffs' affidavit is unfounded in fact as to any indebtedness on the part of the defendants to said plaintiffs.

The plaintiffs claimed in their petition of the defendants a debt not due, and also a debt due, and one of the questions presented, is, whether or not the writ of attachment issued for both debts or only for the debt not due.

The debt sworn to, and for which bond was given, was the debt not due. The

affidavit was made, the bond given, and the writ of attachment issued, on the 8th of September, and it was not until the day following, to wit, the 9th of September, that plaintiffs claimed of the defendants the debt alleged to be due.

The oath of the creditor as to the amount of the debt due, or to become due, is a condition precedent to the issuing of writs of attachment. C. P. Art. 243 and amendment.

The oath as to the amount of the debt alleged to be due on the 8th of September was wanting, and the writ of attachment, consequently could not have legally issued for it.

The process of attachment is considered a harsh and severe remedy, and parties resorting to it are held to a strict compliance with the provisions of the law authorizing it.

The second question is, whether the relation of creditor and debtor existed on the 8th of September, 1857, between plaintiffs and defendants, as to the debt alleged not to be due.

The plaintiffs claim to have been the creditors of defendants at that time, on the grounds, that they had accepted their bills to the amount mentioned, as the debt not due, and that defendants had failed and become utterly insolvent.

These acceptances had not matured, were unpaid, and outstanding in the hands of third parties at the date of the issuing of the attachment. Under these circumstances the plaintiffs were not the creditors of the defendants, in the meaning of the term which authorized a proceeding by attachment. *Read* v. *Ware*, 2 An. 498.

Nor would the mere failure of the defendants have made them such. C. C. Arts. 2047-9; *Millaudon* v. *Foucher*, 8 La. 586; *Carrillo* v. *Bank U. S.*, 10 Rob. 540.

We are, therefore, of opinion that the writ of attachment of the 8th of September, was rightfully dismissed by the judgment of the District Court.

The defendants, however, were personally cited to answer the petition of the 9th of September, subsequently to the appointment of the curator *ad hoc* to represent them, and the suit thereby became an ordinary proceeding, as to the personal demand, and will go on, although the attachment be dismissed. *Evans* v. *Saul*, 8 N. S. 252; C. P. 258; 2 An. 498.

On the 22d of December, 1857, the plaintiffs filed a supplemental petition, with leave of the court, alleging that their acceptances of the bills of defendants, to the amount of twenty-three thousand five hundred dollars, had matured and been paid by themselves since the filing of their original petition, and made a second affidavit, obtained a new order of attachment, gave bond, and caused alias writs of attachment to issue against the property of defendants and made several parties garnishees to the action—which supplemental petition, with citation, was personally served on the defendants.

It is, therefore, necessary to remand the cause for further proceedings upon the personal demands against the defendants, and upon the alias writs of attachment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court, dismissing the attachment of the 8th of September, 1857, be affirmed, and that the cause be remanded for further proceedings according to law, and that the plaintiffs pay the cost of the attachment of the 8th of September aforesaid, and the cost of this appeal.